IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRYCE ALLEN RAUTIO**,<br><br>           Plaintiff,<br><br>      v.<br><br>**DEPUTY JOHN FREY, SERGEANT MIKE REDDING, SERGEANT RICHARD BITTICK, and SERGEANT LAURA WESTFALL**,<br><br>           Defendants. | Case No. 3:16-cv-1943-SI<br><br>**OPINION AND ORDER** |

Bryce Allen Rautio, 991 S.W. Hayter, Dallas, OR 97338, *pro se*.

Gerald L. Warren and Nicholas J. Naumes, 901 Capitol St., N.E., Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Bryce Allen Rautio has sued Deputy John Frey, Sergeant Mike Redding, Sergeant Richard Bittick, and Sergeant Laura Westfall (collectively, "Defendants"), alleging that Defendants imprisoned him pursuant to an allegedly invalid commitment order issued by a municipal court judge in Dallas, OR. Plaintiff also claims that Defendants asked the judge to

PAGE 1 – OPINION AND ORDER

illegally amend the sentence and refused to release him after he proved his innocence.[1] Before the Court is Defendants' motion to dismiss. For the reasons that follow, the motion to dismiss is granted.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the Court determines that the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

---

[1] The Complaint also named Polk County, the City of Dallas, District Attorney Aaron Brown, and Lemarr Carver. ECF 2. The Court dismissed these defendants *sua sponte*. ECF 5. In his response to the motion to dismiss, Plaintiff names these defendants in the caption and restates his allegations against them. The Court construes this as a motion for reconsideration. Because Plaintiff has not met the standard for reconsideration, Plaintiff's motion is denied.

(2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Baca*, 652 F.3d at 1216 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff brings claims against Defendants, all officers at the Polk County Jail, for violations of his constitutional rights under 42 U.S.C. § 1983. On March 26, 2015, Judge Jonathan Clark, City of Dallas Municipal Court, sentenced Plaintiff to 84 days in the Polk County Jail after Plaintiff was convicted of driving under the influence. ECF 2-1 at 17-19. Judge Clark's original commitment order indicates that Plaintiff received credit for time served. Judge Clark also issued an amended commitment order and a second amended commitment order, each

imposing a sentence of 84 days in jail and giving Plaintiff credit for time served. ECF 2-1 at 18-19.

Plaintiff was allegedly delivered to the custody of the Polk County Jail on March 26, 2015, to serve his sentence. Plaintiff alleges that Deputy Frey requested the two amended commitment orders from Judge Clark *ex parte* after Plaintiff had already arrived at the Jail. Deputy Frey allegedly received the support of his "superiors." ECF 2-1 at 4. Plaintiff further alleges that Defendants, all officers at the Polk County Jail, refused to release him after he proved his innocence. ECF 2 at 5.

Plaintiff alleges that the sentence imposed by Judge Clark was for a probation violation. Because Judge Clark's jurisdiction to sentence him for a probation violation ended in 2012, Plaintiff claims, Judge Clark had no authority to sentence Plaintiff. Thus, Plaintiff claims that Defendants imprisoned him wrongfully. Plaintiff seeks $100,000 in compensatory damages, $3 million in punitive damages, and a "clean criminal record." ECF 2 at 6.

## DISCUSSION

The Court has reviewed Plaintiff's Complaint and the documents attached thereto. Liberally construed, Plaintiff has five legal claims: (1) Judge Clark's original commitment order was invalid because Judge Clark had no jurisdiction to sentence Plaintiff; (2) with the support of his "superiors," Deputy Frey had an improper *ex parte* contact with Judge Clark in which Deputy Frey asked Judge Clark to amend Plaintiff's sentence; (3) the two amended commitment orders were invalid because Judge Clark entered them outside Plaintiff's presence; (4) Defendants wrongfully imprisoned Plaintiff pursuant to an invalid sentence; and (5) Defendants refused to release Plaintiff after he proved his innocence. The Court finds that Plaintiff has not stated valid claims under Section 1983.

First, Plaintiff's claim that Judge Clark lacked authority to sentence Plaintiff is a claim against Judge Clark, not against Defendants. Plaintiff has not named Judge Clark as a defendant, nor could he under the doctrine of judicial immunity. Even if Judge Clark sentenced Plaintiff for a violation of probation after the conclusion of Plaintiff's term of probation, as Plaintiff alleges, Judge Clark did not sentence Plaintiff "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *cf. id.* at 357 n.7 (explaining that "if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune"). Thus, Plaintiff cannot challenge the validity of his sentence in this Section 1983 action. Even if Plaintiff could sue Judge Clark, however, Plaintiff's Complaint would be insufficient to state a Section 1983 claim challenging the validity of his sentence because Plaintiff has not alleged that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Second, Plaintiff's claim that Deputy Frey asked Judge Clark to amend Plaintiff's sentence fails because Plaintiff has not alleged how the amended commitment orders altered Plaintiff's sentence. Judge Clark originally sentenced Plaintiff to 84 days in jail for driving under the influence. ECF 2-1 at 17. A hand-written note at the bottom of the original commitment order reads: "*Credit for time served on this charge." ECF 2-1 at 17. This order is undated, but Plaintiff alleges that it was issued on March 26, 2015. ECF 2-1 at 3, 17. The amended commitment order, dated March 26, 2015, also indicates that Plaintiff was to serve 84 days in jail and contains a typed-written option, which is circled, reading: "Credit for time served on this

arrest cycle." ECF 2-1 at 18. The second amended commitment order, dated March 26, 2015, also indicates that Plaintiff was to serve 84 days in jail and contains a typed-written option, which is circled, reading: "Credit this arrest cycle ONLY." ECF 2-1 at 19. The second amended commitment order specifies that the sentence began on March 12, 2015. ECF 2-1 at 19.

Thus, from the allegations, it appears that the amended commitment orders did not alter Plaintiff's sentence, except to note that Plaintiff's sentence began on March 12, 2015, for purposes of calculating Plaintiff's credit for time served. Plaintiff alleges that Judge Clark "initiated probation violation proceedings" on March 12, 2015. ECF 2-1 at 3. Plaintiff has not alleged how the second commitment order altered Plaintiff's sentence by specifying the date of March 12, 2015.[2]

Third, Plaintiff's claim that Defendants wrongfully imprisoned him pursuant to Judge Clark's sentencing order fails because Defendants have absolute immunity. In *Engebretson v. Mahoney*, the Ninth Circuit "h[e]ld that prison officials charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." 724 F.3d 1034, 1039 (9th Cir. 2013). Plaintiff has provided the Court with copies of Judge Clark's original and amended sentencing orders. ECF 2-1 at 17-19. These orders are not facially invalid. They make clear that Plaintiff was convicted of a crime, sentenced to 84 days in jail, and given credit for time served. Moreover, Defendants would be entitled to absolute immunity in this Section 1983 action even if Plaintiff brings an appropriate action in state court and prevails on his argument that Judge Clark had no authority to sentence him. *See*

---

[2] Plaintiff's claim additionally fails against the other Defendants because Plaintiff has not alleged that these Defendants played any role in Deputy Frey asking Judge Clark to amend the sentence.

PAGE 6 – OPINION AND ORDER

*Engebretson*, 724 F.3d at 1039 ("Absolute immunity applies even where a prisoner claims that the order at issue is invalid or the order is later overturned.").

Fourth, Plaintiff's claim that Defendants failed to release him after he proved his innocence fails because Plaintiff has not alleged sufficient factual material in support of this claim. The allegations do not support that Plaintiff has proven his innocence of driving under the influence because Judge Clark's original, amended, and second amended commitment orders all state that Plaintiff has been convicted of this crime. ECF 2-1 at 17-19. To the extent that Plaintiff's claim is that Defendants imprisoned him after he was wrongfully convicted, this claim would be barred by Defendants' absolute immunity. *Engebretson*, 724 F.3d at 1039.

## CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Complaint (ECF 12) is GRANTED. If Plaintiff believes an amended pleading can cure the deficiencies identified, Plaintiff may file an Amended Complaint within two weeks. Otherwise, this case will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 27th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge